IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLA KLINE,<br><br>    Plaintiff,<br><br>v.<br><br>MSA SAFETY PITTSBURGH MANUFACTURING, LLC,<br><br>    Defendant. | Case No. __2:22-cv-745__<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Marcella Kline, by and through her attorney, David M. Manes, Esq., of Manes & Narahari INC., and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203 *et seq., t*he Pennsylvania Minimum Wage Act of 1968 ("PWMA"), 42 P.S. § 333.102 *et seq*., and the Wage Payment and Collection Law ("WPCL"). Plaintiff alleges that Defendant has failed to compensate her adequate wages for the time that she has worked.

### II. Jurisdiction and Venue

2. This action arises under the FLSA, PWMA, and WPCL.  This Court has jurisdiction over Plaintiff's failure to accommodate claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff Marcella Kline is an adult individual with a primary residence located at 984 State Route 66, Vandergrift, Pa 15690.

6. Defendant MSA Safety Pittsburgh Manufacturing, LLC is a Pennsylvania business corporation with a regular place of business located at 1000 Cranberry Pt., Cranberry Township, Pa 16066.

### IV. Facts

7. Plaintiff was hired by Defendant as a Human Resource Coordinator in or around the year 2004 to work for Gary Schultise, an HR Business Partner, in the Corporate HR Office located at RIDC Park, Pittsburgh.

8. In or around the year 2005, Plaintiff interviewed for the role of Human Resources Analyst, in which Plaintiff had worked successfully in until her termination.

9. In 2015 Plaintiff was transferred to the Cranberry Office.

10. In 2017, Plaintiff began working under Michelle Monroe, an HR Manager for Defendant.

11. Annually, Monroe would hold a budgeting meeting with Plaintiff's department.

12. Monroe would ask for annual expense charges and confirm if the amounts have changed from the previous year.

13. During these meetings, Monroe would tell Plaintiff that Monroe did not budget for overtime.

14. Plaintiff and Monroe had a weekly Key Performance Indicator ("KPI") meeting, where Monroe asked Plaintiff about unexpected expenses.

15. Whenever Plaintiff would bring up overtime or unexpected expenses, she would be met with hostility and questioned about each expense.

16. In 2019, when the COVID-19 Pandemic began, the HR Administrative Assistance in the Cranberry Plant had quit.

17. Plaintiff began traveling to the Cranberry office to help with their workload at least once per week, on occasion twice per week.

18. Plaintiff never submitted mileage for reimbursement due to the hostility that she would receive from Monroe.

19. Plaintiff continued helping the Cranberry office from 2019 up until her termination.

20. In 2020, Plaintiff began working from home and continued to do so until the end of her employment.

21. Plaintiff was told that poor performers were not permitted to work from home. Plaintiff did not have poor performance.

22. Plaintiff did not receive a merit increase for 2021.

23. Monroe's specific reasoning for this was "you will not be receiving a merit increase for the next year. The HR BPs worked their asses off and they deserve every penny."

24. Plaintiff did not object to this as the BP's did have a lot to deal with. However, Plaintiff reported to the office every day, just like the BPs.

25. In March of 2021, Monroe and Plaintiff had a one-on-one meeting where Plaintiff was asked to create a work plan to assign days and times to her tasks.

26. Plaintiff understood this to be a development plan, of which she did every year.

27. This plan was not identified as a Performance Improvement Plan ("PIP").

28. In April of 2021, an hourly associate at the Murrysville location, Jerry Brinley, came to work about 30 minutes or so before his shift started but did not clock in.

29. Brinley decided to come early to get ready for his shift so that his production levels wouldn't suffer.

30. Mike Cernuska, Brinley's supervisor, told Brinley that Defendant has to pay for this over time.

31. Monroe also told Brinley that if Brinley came in and was on Company property working, that he must be paid for his overtime.

32. Plaintiff's normal working hours should have been 6:30 a.m. to 3:00 p.m. with a half hour lunch break, equating to a 40-hour work week.

33. However, Plaintiff often started work at 5:00 a.m. to 6:00 p.m. with no lunch break, equating to 65-hour work weeks.

34. Plaintiff was classified as non-exempt by Defendant.

35. Plaintiff's supervisors had actual and constructive knowledge that Plaintiff was regularly working overtime, but refused to properly compensate her.

36. Defendant's management had actual and constructive knowledge that Plaintiff was regularly working overtime, but refused to properly compensate her.

37. To date, Plaintiff still has not been properly compensated for her time.

## COUNT I
### Unpaid Overtime in Violation of the FLSA

38. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

39. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §203 *et seq.* employees must be paid for all time worked. 29 C.F.R. §785.38 states that "Time spent by an employee in travel as part of his principal activity, such as travel from jobsite to jobsite during the workday, must be counted as hours worked."

40. Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee […] or anyone acting in the capacity of officer or agent" for the organization. 29 U.S.C.A. § 203.

41. At all relevant points, Defendant acted as an employer to Plaintiff within the meaning of the FLSA.

42. At all relevant points, Plaintiff has been employed by Defendant within the meaning of FLSA.

43. Plaintiff spent time as an employee in travel for part of her principal activity.

44. Plaintiff was a non-exempt employee for Defendant, meaning she was not exempt from overtime wages.

45. Plaintiff has suffered monetary damages as a result of Defendant's violations of the FLSA.

46. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be paid for hours worked.

## COUNT II
### Unpaid Overtime in Violation of the PMWA

47. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

48. Under the PMWA, an employer is any entity "employing any person in this Commonwealth." Pa.Stat.Ann.tit 43 § 260.2a.

49. At all relevant points, Defendant were an employer engaging in interstate commerce within the meaning of the PMWA in the Commonwealth of Pennsylvania.

50. At all relevant times, Defendant employed Plaintiff within the meaning of the PMWA.

51. The PMWA requires that all employers pay all wages due to employees on regular paydays designated in advance by the employer and requires that employers pay 1.5 times the regular rate of pay for all hours worked above 40 in a workweek.

52. Plaintiff regularly worked 65-hour weeks.

53. Defendant had actual and constructive knowledge of Plaintiff's overtime hours but refused and failed to compensate Plaintiff at 1.5 times her hourly wage as per the PMWA.

54. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be paid for hours worked.

## COUNT III
### Unpaid Overtime in Violation of the WPCL

55. The averments contained in the preceding paragraphs are incorporated herein as though set forth in length.

56. The WPCL requires that all employers pay all wages due to employees on regular paydays designated in advance by the employer.

57. The WPCL defines "wages" as "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation."

58. Plaintiff had a contractual entitlement to receive wages for all hours worked, including overtime pay.

59. Plaintiff and Defendant entered into a contract by which Defendant agreed to pay Plaintiff for all hours worked by Plaintiff at a certain rate.

60. Plaintiff had a contractual entitlement to receive wages from Defendant, including payment for all hours actually worked.

61. Defendant had actual and constructive knowledge of Plaintiff's overtime hours but refused and failed to compensate Plaintiff at 1.5 times her hourly wage for overtime hours worked.

62. To date, Plaintiff has not received the adequate compensation that she is owed by Defendant.

63. Plaintiff has suffered monetary damages as a result of Defendant's violations of the WPCL.

64. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be paid for hours worked.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor, and against Defendant, and award all damages available at law and equity, including:

a) Full backpay for all overtime hours not appropriately compensated for to date;

b)   Under the terms of the WPCL, Plaintiff is due liquidated damages;

c)   Pre-judgment interest;

d)   Injunctive relief prohibiting the Defendant from violating the PMWA in the future;

e)   All costs associated with this litigation, including Plaintiff's reasonable attorney's fees; and

f)   All such other relief tat may be deemed just and proper by the Court.


                                          Respectfully Submitted,

                                          /s/ David M. Manes__
                                          David M. Manes, Esq.
                                          PA ID: 314661
                                          **Manes & Narahari INC.**
                                          Law & Finance Building
                                          429 Fourth Avenue, Suite 300
                                          Pittsburgh, PA 15219
                                          (412) 626-5571 Direct
                                          (412) 650-4845 Fax
                                          dm@manesnarahari.com

**VERIFICATION**

I, Marcella Kline, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

*MK*

_____
Marcella Kline